UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOURDES C.,[1] <br><br> Plaintiff, <br><br> v. <br><br> ANDREW SAUL, Commissioner of Social Security Administration, <br><br> Defendant. | Case No. 8:19-cv-01531-JC <br><br> MEMORANDUM OPINION AND ORDER OF REMAND |

**I.   SUMMARY**

On August 7, 2019, plaintiff filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively "Plaintiff's Motion" and "Defendant's Motion"

---

[1] Plaintiff's name is partially redacted to protect her privacy in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

(collectively "Motions"). The Court has taken the Motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; Case Management Order ¶ 5.

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On October 14, 2017, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits alleging disability beginning on March 31, 2017, due to stage-three bladder cancer and depression. (Administrative Record ("AR") 165-66, 169-70, 205). An Administrative Law Judge ("ALJ") subsequently examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert. (AR 30-52).

On March 4, 2019, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 25). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: bladder cancer status post resection, cystectomy, and placement of Indiana pouch (AR 20); (2) plaintiff's impairments, considered individually or in combination, did not meet or medically equal a listed impairment (AR 20); (3) plaintiff retained the following residual functional capacity:

> [Plaintiff can] lift or carry twenty pounds occasionally and ten pounds frequently; stand or walk, with normal breaks, for six hours and sit, with normal breaks, for six hours in an eight-hour workday; occasionally perform postural activities but never crawl or climb ladders, ropes, or scaffolds; and never work at unprotected heights or around moving, dangerous machinery.

(AR 20); (4) plaintiff could perform her past relevant work as a quality control inspector (AR 25); and (5) plaintiff's statements regarding the intensity, persistence, and limiting effects of subjective symptoms were not entirely consistent with the medical evidence and other evidence in the record (AR 24).

On June 5, 2019, the Appeals Council denied plaintiff's application for review. (AR 1-3).

### III. APPLICABLE LEGAL STANDARDS

#### A. Administrative Evaluation of Disability Claims

To qualify for disability benefits, a claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted); 20 C.F.R. §§ 404.1505(a), 416.905. To be considered disabled, a claimant must have an impairment of such severity that she is incapable of performing work the claimant previously performed ("past relevant work") as well as any other "work which exists in the national economy." Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)).

To assess whether a claimant is disabled, an ALJ is required to use the five-step sequential evaluation process set forth in Social Security regulations. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006) (describing five-step sequential evaluation process) (citing 20 C.F.R. §§ 404.1520, 416.920). The claimant has the burden of proof at steps one through four – *i.e.*, determination of whether the claimant was engaging in substantial gainful activity (step 1), has a sufficiently severe impairment (step 2), has an impairment or combination of impairments that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings") (step 3), and

retains the residual functional capacity to perform past relevant work (step 4). Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). The Commissioner has the burden of proof at step five – *i.e.*, establishing that the claimant could perform other work in the national economy. Id. "If the ALJ determines that a claimant is either disabled or not disabled at any step in the process, the ALJ does not continue on to the next step." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1226 (9th Cir. 2009) (citing 20 C.F.R. § 416.920(a)(4)).

### B. Federal Court Review of Social Security Disability Decisions

A federal court may set aside a denial of benefits only when the Commissioner's "final decision" was "based on legal error or not supported by substantial evidence in the record." 42 U.S.C. § 405(g); Trevizo v. Berryhill, 871 F.3d 664, 674 (9th Cir. 2017) (citation and quotation marks omitted). The standard of review in disability cases is "highly deferential." Rounds v. Comm'r of Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (citation and quotation marks omitted). Thus, an ALJ's decision must be upheld if the evidence could reasonably support either affirming or reversing the decision. Trevizo, 871 F.3d at 674-75 (citations omitted). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. See Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014) (ALJ error harmless if (1) inconsequential to the ultimate nondisability determination; or (2) ALJ's path may reasonably be discerned despite the error) (citation and quotation marks omitted).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Trevizo, 871 F.3d at 674 (defining "substantial evidence" as "more than a mere scintilla, but less than a preponderance") (citation and quotation marks omitted). When determining whether substantial evidence supports an ALJ's finding, a court "must consider the

entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion[.]" Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation and quotation marks omitted).

Federal courts review only the reasoning the ALJ provided, and may not affirm the ALJ's decision "on a ground upon which [the ALJ] did not rely." Trevizo, 871 F.3d at 675 (citations omitted). Hence, while an ALJ's decision need not be drafted with "ideal clarity," it must, at a minimum, set forth the ALJ's reasoning "in a way that allows for meaningful review." Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (citing Treichler, 775 F.3d at 1099).

A reviewing court may not conclude that an error was harmless based on independent findings gleaned from the administrative record. Brown-Hunter, 806 F.3d at 492 (citations omitted). When a reviewing court cannot confidently conclude that an error was harmless, a remand for additional investigation or explanation is generally appropriate. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (citations omitted).

## IV.   DISCUSSION

Plaintiff argues that the ALJ erred by failing to provide specific and convincing reasons to discredit plaintiff's statements and testimony. (Plaintiff's Motion at 5-9). Defendant argues that the ALJ's reasons are proper and sufficient. (Defendant's Motion at 1-7).

For the reasons stated below, the Court finds that the ALJ erred in discounting plaintiff's testimony. Since the Court cannot find that the error was harmless, a remand is warranted.

### A.   Pertinent Law

When determining disability, an ALJ is required to consider a claimant's impairment-related pain and other subjective symptoms at each step of the sequential evaluation process. 20 C.F.R. §§ 404.1529(a), (d). Accordingly, when a claimant presents "objective medical evidence of an underlying impairment

which might reasonably produce the pain or other symptoms [the claimant] alleged," the ALJ is required to determine the extent to which the claimant's statements regarding the intensity, persistence, and limiting effects of his or her subjective symptoms ("subjective statements" or "subjective complaints") are consistent with the record evidence as a whole and, consequently, whether any of the individual's symptom-related functional limitations and restrictions are likely to reduce the claimant's capacity to perform work-related activities. 20 C.F.R. §§ 404.1529(a), (c)(4); SSR 16-3p, 2017 WL 5180304, at *4-10.[2] When an individual's subjective statements are inconsistent with other evidence in the record, an ALJ may give less weight to such statements and, in turn, find that the individual's symptoms are less likely to reduce the claimant's capacity to perform work-related activities. See SSR 16-3p, 2017 WL 5180304, at *8. In such cases, when there is no affirmative finding of malingering, an ALJ may "reject" or give less weight to the individual's subjective statements "only by providing specific, clear, and convincing reasons for doing so." Brown-Hunter, 806 F.3d at 488-89.[3] This requirement is very difficult to satisfy. See Trevizo, 871 F.3d at 678 ("The

///

---

[2] Social Security Ruling 16-3p superseded SSR 96-7p and, in part, eliminated use of the term "credibility" from SSA "sub-regulatory policy[]" in order to "clarify that subjective symptom evaluation is not an examination of an individual's [overall character or truthfulness] . . . [and] more closely follow [SSA] regulatory language regarding symptom evaluation." See SSR 16-3p, 2017 WL 5180304, at *1-*2, *10-*11. The SSA subsequently republished SSR 16-3p making no change to the substantive policy interpretation regarding evaluation of a claimant's subjective complaints, but clarifying that the SSA would apply SSR 16-3p only "[when making] determinations and decisions on or after March 28, 2016[,]" and that federal courts should apply "the rules [regarding subjective symptom evaluation] that were in effect at the time" an ALJ's decision being reviewed became final. SSR 16-3p, 2017 WL 5180304, at *1, *13 n.27.

[3] It appears to this Court, based upon its research of the origins of the requirement that there be "specific, clear and convincing" reasons to reject or give less weight to an individual's subjective statements absent an affirmative finding of malingering, that such standard of proof remains applicable even when SSR 16-3p governs. See Trevizo, 871 F.3d at 678-79 & n.5 (citations omitted).

clear and convincing standard is the most demanding required in Social Security cases.") (citation and quotation marks omitted).

An ALJ's decision "must contain specific reasons" supported by substantial evidence in the record for giving less weight to a claimant's statements. SSR 16-3p, 2017 WL 5180304, at *10. An ALJ must clearly identify each subjective statement being rejected and the particular evidence in the record which purportedly undermines the statement. Treichler, 775 F.3d at 1103 (citation omitted). Unless there is affirmative evidence of malingering, the Commissioner's reasons for rejecting a claimant's testimony must be "clear and convincing." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995) (internal quotation marks omitted), as amended (Apr. 9, 1996). "General findings are insufficient[.]" Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted).

If an ALJ's evaluation of a claimant's statements is reasonable and is supported by substantial evidence, it is not the court's role to second-guess it. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted). When an ALJ fails properly to discuss a claimant's subjective complaints, however, the error may not be considered harmless "unless [the Court] can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." Stout, 454 F.3d at 1056; see also Brown-Hunter, 806 F.3d at 492 (ALJ's erroneous failure to specify reasons for rejecting claimant testimony "will usually not be harmless").

### B. Plaintiff's Testimony

At the hearing on February 7, 2019, plaintiff's counsel explained that plaintiff had her bladder removed due to cancer and currently relies on a catheter. (AR 33).

Plaintiff testified to the following: She experiences discomfort from the catheter that protrudes from her abdomen near her hip, and sitting for prolonged periods causes numbness. (AR 35). She could sit thirty to sixty minutes,

depending on whether she has to use the restroom. (AR 37). She needs to stand up to relieve the symptoms, but standing for longer than about ten minutes without evacuating becomes "very, very uncomfortable." (AR 35-36). She can walk slowly. (AR 37). She lies down throughout the day because of fatigue. (AR 39). Her catheter sometimes leaks when she leans or lies on the wrong side. (AR 39). Since the surgery, she has not left the house for much except appointments. (AR 37-38). Her sister helps with chores such as cleaning and carrying groceries. (AR 38).

Plaintiff further testified: She has to use the restroom frequently, about seven or eight times in an average day, depending on how much liquid she drinks. (AR 40-42). She needs to drink liquids to keep her kidneys functioning properly. (AR 40-41). Whenever she uses the bathroom, she also has to rinse out and lubricate the catheter before reinserting it, a process that requires enough counter space and a fairly hygienic restroom. (AR 41-42). She spends about thirteen to twenty-five minutes in the restroom each time.[4] (AR 44).

### C. ALJ's Findings

In the decision, the ALJ reviewed plaintiff's allegations and testimony and stated that "[d]espite [plaintiff's] allegations, the evidence in the record supports the above residual functional capacity." (AR 21). Following this statement, the ALJ reviewed the medical evidence and opinions but made only scant references to plaintiff's statements (see AR 21-24), until providing the following general assessment:

> [Plaintiff's] allegations of generally disabling symptoms and
> limitations are not corroborated by the evidence in the record detailed

---

[4]Similarly, plaintiff stated on a disability report that she needs "to catherize [sic] every 2 ½ to 3 hrs," and it "takes [her] more than 20 minutes to empty [her] bladder ever 2 ½ to 3 hrs," for which she requires "a surface long enough to place supplies which include catheter, syringe to rinse catheter, lubricant gel gauze [and] steril[e] water." (AR 228).

above.  As discussed, despite the surgeries and procedures related to [plaintiff's] bladder cancer, there is insufficient evidence – such as documentation of persistent fatigue or weakness or symptomatology – to support greater functional limitations than those included in the above residual functional capacity; and, while the claimant describes greater urinary frequency, none of the medical opinions in the record (including Dr. Hugen's determination) specifically included relevant accommodations.

Accordingly, after careful consideration of the evidence, the undersigned finds that [plaintiff's] medically determinable impairment could reasonably be expected to cause the alleged symptoms; however, her statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record discussed above.

(AR 24).

### D. Analysis

The ALJ failed to provide specific, clear and convincing reasons to discount plaintiff's testimony.  Instead, the ALJ essentially based his assessment on a lack of objective evidence, which cannot, by itself, support an adverse finding about Plaintiff's testimony. See Trevizo, 871 F.3d at 679 (once a claimant demonstrates medical evidence of an underlying impairment, "an ALJ 'may not disregard [a claimant's testimony] solely because it is not substantiated affirmatively by objective medical evidence.'") (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006)).

Furthermore, by offering only a general assessment with respect to plaintiff's statements, the ALJ failed to specifically identify which evidence undermines which of her allegations.  See Parra v. Astrue, 481 F.3d 742, 750 (9th

Cir. 2007) (ALJ must "specifically identify 'what testimony is not credible and what evidence undermines [Plaintiff's] complaints.'") (quoting Lester, 81 F.3d at 834), cert. denied, 552 U.S. 1141 (2008); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) ("The ALJ must state specifically what symptom testimony is not credible and what facts in the record lead to that conclusion").  This leaves it unclear whether the ALJ sufficiently considered plaintiff's testimony in light of the record overall.  For example, the ALJ rejected plaintiff's testimony about the frequency and duration of her bathroom use because the medical opinions did not include relevant accommodations.  (AR 24).  However, Dr. Bahaa Girgis, M.D., the consultative examiner, noted plaintiff's report of frequent, lengthy bathroom use, and also opined that plaintiff required "frequent stops of 10 minutes per hour if necessary."  (AR 1965, 1969).  While the ALJ rejected this accommodation because there was "little medical evidence to substantiate" it, and Dr. Girgis did not "specifically explain" it (AR 24), the ALJ does not appear to have considered whether it supported plaintiff's testimony.  Moreover, although the ALJ noted that plaintiff's treating oncologist, Dr. Hugen, indicated in April 2018 that plaintiff "had no problems with catheterization" (AR 23) (citing AR 1984-86), the ALJ did not explain how that general observation conflicts with plaintiff's account of her routine, frequent need to use the bathroom to empty the pouch and rinse and lubricate the catheter.

     Accordingly, the ALJ erred by failing to articulate clear and convincing reasons to discount plaintiff's statements.  The record does not demonstrate that this error was harmless.  Accordingly, remand is appropriate so the ALJ may reassess plaintiff's subjective statements.[5]

---

[5]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

## V.    CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is REVERSED in part, and this matter is REMANDED for further administrative action consistent with this Opinion.[6]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 25, 2020

                                                              /s/
                                 Honorable Jacqueline Chooljian
                                 UNITED STATES MAGISTRATE JUDGE

---

[6] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted); Treichler, 775 F.3d at 1099 (noting such "ordinary remand rule" applies in Social Security cases) (citations omitted).